COURT OF APPEALS
DECISION
DATED AND FILED

July 30, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1075-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF44**

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

DEVON F. NEUMAN,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County: TRICIA L. WALKER, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Devon F. Neuman appeals a judgment convicting him, after a jury trial, of first-degree intentional homicide with use of a dangerous weapon, as a party to a crime, and carrying a concealed weapon, both as a repeater. Neuman argues: (1) the circuit court erroneously exercised its discretion in admitting a hearsay statement; (2) the circuit court erroneously exercised its discretion in admitting song lyrics Neuman wrote in jail; and (3) there is insufficient evidence to support the jury's verdict. We affirm.

¶2 The victim's body was discovered in a gravel parking lot across the street from the Press Box Tavern in Fond du Lac early on the morning of September 23, 2017. He had been shot to death. Six weeks later, Neuman was arrested on unrelated drug charges. During the ensuing investigation, Neuman and co-defendant Jesse Schultz were implicated in and charged with crimes related to the victim's murder. After a seven-day trial, a jury convicted Neuman of first-degree intentional homicide and carrying a concealed weapon but acquitted him of armed robbery.

¶3 Neuman first argues that the circuit court erroneously exercised its discretion in admitting inculpatory statements that co-defendant Jesse Schultz made to John[1] under the statement-of-recent-perception hearsay exception, WIS. STAT. § 908.045(2) (2023-24).[2]

¶4 Under the statement-of-recent-perception hearsay exception, a statement by an unavailable declarant is admissible if the statement was not

---

[1] Pursuant to Wis. Stat. Rule 809.86(4), we use a pseudonym instead of the witness's name.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

instigated by someone engaged in investigating or litigating the event and was made in good faith with no anticipation of litigation. *See* WIS. STAT. § 908.045(2). In addition, the statement must narrate, describe, or explain an event or condition recently perceived by the declarant while the declarant's memory was clear. These safeguards "assure accuracy and trustworthiness" when more time has elapsed than under the present-sense or excited-utterance hearsay exceptions. *State v. Weed*, 2003 WI 85, ¶15, 263 Wis. 2d 434, 666 N.W.2d 485.

¶5 We review the circuit court's decision to admit or exclude evidence for an erroneous exercise of discretion. *State v. Sullivan*, 216 Wis. 2d 768, 780, 576 N.W.2d 30 (1998). We will uphold the court's decision if it examines the relevant facts, applies the correct legal standard, and reaches a rational conclusion. *Id.* at 780-81.

¶6 At trial, John testified that Schultz described shooting the victim the morning after the victim was murdered. John testified that he was hanging out with Schultz, attempting to procure drugs, when Shultz said that he got into a fight the previous night near the Press Box Tavern. Shultz said that he shot the person with whom he was fighting with a gun Neuman gave him.

¶7 Here, Schultz asserted his Fifth Amendment privilege and refused to testify at Neuman's trial, rendering him unavailable. The circuit court's written order thoroughly addressed the criteria of WIS. STAT. § 908.045(2), finding that Schultz's statements to John were made in confidence to a friend when Schultz had no reason to foresee litigation; were made "within hours of the event" when Schultz's memory was fresh; and recounted perceptions of the shooting shortly after it occurred. The court also found that the statements bore indicia of reliability because they were against Schultz's penal interest and were

spontaneously made. In addition, the court found that the statements were relevant to whether Neuman was present and involved in the shooting of the victim.

¶8 The circuit court's written ruling shows that it applied the correct legal standards to the facts of this case and based its decision on specific findings about the timing, spontaneity, and substance of Schultz's statements. Therefore, we conclude that the court properly exercised its discretion in concluding that Schultz's statements were admissible.

¶9 Neuman next argues that the circuit court erroneously exercised its discretion when it allowed into evidence two pages of handwritten poetry or lyrics Neuman composed while in jail. One page stated: "This is my confession[.] My weapons an FN[.] My pistol is my best friend[.]" The other page included: "Cuz I stay armed and deadly[,] [h]old you weapon steady, cuz I stayed armed and deadly…. Disrespect me my pistol bang [w]hile at your head aimed."

¶11 Neuman first argues that the lyrics were not relevant to the case. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* WIS. STAT. § 904.01. The circuit court said it made its best effort to separate song lyrics, which were not admissible, from writings that appeared to be statements or confessions by Neuman. It concluded that two of the writings the State sought to introduce were admissible because they were personalized, reflecting specific aspects of Neuman's own circumstances—namely, regular firearm possession and willingness to use a firearm. The statements made it more probable that Neuman routinely carried a gun and that he was willing to use it. Accordingly, the court

4

did not erroneously exercise its discretion when it concluded that the lyrics cleared the low relevancy threshold of § 904.01.

¶12 Neuman next argues that even if the writings were relevant, they should have been excluded due to the danger of unfair prejudice. Even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice[.]" WIS. STAT. § 904.03. The circuit court stated that while it was sensitive to the admission of prejudicial evidence, all criminal prosecutions involve some prejudicial information. In balancing under § 904.03, the court acknowledged that rap-style lyrics can be inflammatory but found the probative value of two writings—Neuman's own words about his "best friend" firearm and his willingness to shoot anyone in his way—substantially outweighed any unfair prejudice. Because the court applied the correct legal standards, examined the relevant facts, and articulated a rational, legally supported reasoning process, it did not erroneously exercise its discretion in admitting the evidence.

¶13 Neuman next argues that there was insufficient evidence to support the verdict. He argues that John's testimony, which was the only testimony directly tying him to the crime, was patently incredible. He also contends that there was no physical evidence linking him to the crime scene and no weapon was ever found.

¶14 In reviewing the sufficiency of the evidence, we consider whether the evidence, direct and circumstantial, is sufficient to convince a rational trier of fact "beyond a reasonable doubt" of the defendant's guilt. *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). In making this determination, we must consider the evidence in the light most favorable to the State. *Id.* All reasonable inferences drawn from the evidence must be construed in favor of the verdict, and

this court will not reweigh evidence or substitute its judgment for that of the jury. *Id.*

¶15 Although Neuman's primary argument is that John's testimony was incredible, Neuman has provided no analysis to support this assertion. It is well established that the credibility of the witnesses is a matter for the jury to decide. *State v. Perkins*, 2004 WI App 213, ¶¶14-15, 277 Wis. 2d 243, 689 N.W.2d 684. More importantly, the evidence adduced at trial was sufficient to support the jury's conviction. Surveillance footage placed Neuman and Schultz together walking outside the Press Box Tavern minutes before the shooting occurred. A witness testified that she saw three men walking toward the area where the victim was shot shortly before hearing two gunshots. Schultz's boot prints were found in the gravel near the victim's body. Schultz's statements to John the morning after the murder placed both him and Neuman at the scene and in the fight. Another witness testified that Neuman showed him a gun the evening of the shooting. Hours after the shooting, at 3:30 a.m., Neuman tried to contact the person who saw him with a gun. Neuman also searched online for news about the shooting at 3:30 a.m. and again at 10:30 a.m. Jailhouse writings found in Neuman's cell suggested Neuman regularly carried a weapon and was willing to use it.

¶16 This combination of direct admissions, personalized writings, and forensic footprints, taken as a whole, amply satisfies the *Poellinger* standard. Because a rational jury could properly find, beyond a reasonable doubt, that Neuman was present and provided the weapon, the evidence supporting his convictions is sufficient.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.